IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  No. CV-05-0438 BB/ACT
                                                       CR-02-1594 BB

CORNELIUS FIELDS,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 52) filed April 18, 2005. *See* 28 U.S.C. § 2255 R. 4(b). After entering a guilty plea, Defendant was convicted of drug charges, and on July 3, 2003, the Court entered judgment on the conviction. Defendant did not appeal his conviction or sentence. He now asserts claims of illegal sentence and ineffective assistance of counsel.

First, Defendant invokes the Supreme Court's recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See* 124 S. Ct. at 2538. The more recent

decision in *Booker*, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of his criminal conviction. *See United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, slip ord. at 4 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, 125 S. Ct. at 769; *Meza-Hernandez*, 2005 WL 1231927, slip ord. at 4. Defendant is not entitled to relief under these decisions, *see* § 2255 R. 4(b), and the Court will dismiss his claim of sentence.

Defendant also asserts a claim of ineffective assistance of counsel. He alleges that his attorney failed to object to the Court's improper finding of drug quantity. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [the Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Even assuming for purposes of this order that Defendant accurately describes his attorney's conduct, the motion makes no showing of prejudice. Defendant pleaded guilty to the indictment. He was sentenced after the Supreme Court had decided *Apprendi* but before the rulings in *Blakely* and *Booker*. In *Apprendi*, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. As noted in Defendant's plea agreement, the statutory maximum sentence for his offense was life in prison. The court imposed a prison sentence of 188 months. Defendant makes no showing of prejudice, and the Court will dismiss his motion to the extent it is based on a claim of ineffective assistance of counsel.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 52) filed April 18, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

                                                                                                                          /s/ Bruce D. Black
                                                                                                                         UNITED STATES DISTRICT JUDGE